UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO QUEVEDO and MARIA OFELIA QUEVEDO,<br><br>Plaintiffs,<br><br>v.<br><br>BOBBY BLOUNT, SANDY BLOUNT, and DOES 1-10,<br><br>Defendants. | Case No.: 21-cv-604-JO-DEB<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On April 7, 2021, Defendants Bobby Blount and Sandy Blount filed a notice of removal of an unlawful detainer action from state court. Dkt. 1. On March 3, 2022, the Court ordered Defendants to show cause on or before March 16, 2022, why the case should not be dismissed for lack of subject matter jurisdiction. The Court allowed Plaintiffs to reply by March 30, 2022. Neither party filed a response.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the [removed] case shall be remanded." 28 U.S.C. § 1447(c). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

1

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of [a] properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "This rule makes a plaintiff the master of his complaint [and] allows him to avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Any federal defenses or counterclaims Defendants may wish to assert do not give rise to federal question jurisdiction. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

Defendants' notice of removal states that the Court has federal question jurisdiction under 28 U.S.C. § 1443(1).[1] Dkt. 1 at 2. However, the removed complaint states one cause of action for unlawful detainer. Dkt. 1 at 2, 15–17. A cause of action for unlawful detainer arises under state law and does not require resolution of a substantial question of federal law. *Ralph Partners II, LLC v. Tate*, 2018 WL 3213974, at *1 (N.D. Cal. July 1, 2018) (collecting cases).

The removed complaint states no federal question on its face, and Defendants failed to respond to the Court's order with any further showing of jurisdiction. Accordingly, the Court finds that it lacks subject matter jurisdiction and remands the action to the Superior Court of California, San Diego County.

**IT IS SO ORDERED.**

Dated: April 14, 2022

Honorable Jinsook Ohta
United States District Judge

---

[1] Defendants, who are residents of California according to the notice of removal, do not argue diversity jurisdiction exists. Dkt. 1 at 2. In any event, "the presence of a local defendant at the time removal is sought bars removal" on grounds of diversity jurisdiction. *Spencer v. U.S. Dist. Ct. for Northern Dist. of California*, 393 F.3d 867, 870 (9th Cir. 2004) (citing 28 U.S.C. § 1441(b)).